# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO AGUILAR-VENCES,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>　　　　　　　　Respondent. | Case No. 13-cv-2290-GPC-JLB<br><br>**ORDER DISMISSING WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>[Dkt. No. 1.] |

## I. INTRODUCTION

On September 24, 2013, Petitioner Marcelo Aguilar-Vences, proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to "request a hearing to determine his qualification for cancellation of removal." (Dkt. No. 1.) Respondent Eric H. Holder contends the petition should be denied because the REAL ID Act prohibits the Court from granting Petitioner's request for relief for lack of jurisdiction. (Dkt. No. 7.) After a thorough review of the documents, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus for lack of jurisdiction.

## II. BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States sometime in 1988 without being admitted or paroled after inspection by an

1 Immigration Officer. (Dkt. No. 7.1 at 2.) The Immigration and Naturalization
2 Service initiated removal proceedings on December 26, 2000. (Id.) On May 31,
3 2005, Immigration Judge (IJ) Lorraine J. Munoz denied Petitioner's application to
4 cancel removal because "of a departure from the United States and a return where
5 he was encountered by the border patrol" and granted Petitioner voluntary
6 departure. (Id. at 8-9.) On July 13, 2009, the Board of Immigration Appeals
7 (Board) dismissed Petitioner's appeal of the IJ's decision because "none of the
8 factors within the record, either individually or viewed cumulatively, [were]
9 sufficient to elevate the level of hardship" to justify Petitioner's plea for relief due
10 to "exceptional and extremely unusual hardship." (Id. at 14.) The same counsel
11 represented Petitioner at the proceedings before the IJ and the Board. (Id. at 8, 13.)

12       On March 15, 2010, Petitioner, via new counsel, requested that the Board
13 reissue its decision of July 13, 2009, because he received no notice of the Board's
14 ruling through the mail.[1] (Id. at 16-17.) The Board reissued its decision to
15 Petitioner in March 2010. (Dkt. No. 1 at 2.) Apparently, Petitioner chose not to
16 seek appeal of the Board's decision, and the Department of Homeland Security
17 (DHS) removed Petitioner from the United States on May 5, 2010. (Dkt. No. 7.1 at
18 21-22.)

19       On September 6, 2013, Petitioner attempted to enter the United States at the
20 San Ysidro Port of Entry. (Id. at 33.) He presented a U.S. Permanent Resident Card
21 and a California Driver's License "not lawfully issued to him" to DHS officials.
22 (Id.) DHS contacted "[o]fficers with the State of California Department of Motor
23 Vehicles (DMV) Fraud Protection Unit . . . [who] responded, interviewed, and
24 arrested [Petitioner] for violations of several State of California Statutes." (Id. at
25 34.) Petitioner was held at the George Bailey Detention Facility in San Diego until
26 the State of California released him to ICE on September 25, 2013. (Id. at 39.)

---

28     [1] Petitioner called the Board's "1-800 number" on November 2, 2009, and discovered that the Board had dismissed his appeal. (Dkt. No. 7.1 at 17.)

DHS initiated expedited removal on September 25, 2013, and removed Petitioner to Mexico that day pursuant to Sections 212(a)(6)(C)(I) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act "[f]or a period of 20 years from the date of . . . departure from the United States as a consequence of being found inadmissible and being previously excluded, deported, or removed from the United States." (Id. at 44-46.)

Petitioner submitted his habeas petition to this Court on September 24, 2013. (Dkt. No. 1 at 1.) He petitions to "request a hearing to determine his qualification for cancellation of removal and adjustment of status." (Id. at 8.)

### III. LEGAL STANDARD

U.S. District Courts may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). However, U.S. District Courts lack jurisdiction to hear section 2241 petitions "by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien." 8 U.S.C. § 1252(g).

### IV. DISCUSSION

**A. Subject Matter Jurisdiction**

First and foremost, federal courts must ascertain whether they have jurisdiction over the matter before them. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998). U.S. District Courts may grant writs of habeas corpus to prisoners who are "in custody." 28 U.S.C. § 2241(a), (c)(3). "The Supreme Court has defined the phrase 'in custody' to include both physical detention and 'other restraints on a man's liberty, restraints not shared by the public generally.'" Veltmann-Barragan v. Holder, 717 F.3d 1086, 1088 (9th Cir. 2013) (quoting Jones v. Cunningham, 371 U.S. 236, 240 (1963)). "Immigrants who have already been removed . . . do not satisfy the 'in custody' requirement of habeas corpus jurisdiction." Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001).

To have jurisdiction to grant a habeas writ pursuant to 28 U.S.C. § 2241, the petitioning party must be "in custody." <u>Veltmann-Barragan</u>, 717 F.3d at 1088. In <u>Miranda</u>, the petitioner "was removed pursuant to an immigration judge's order after a hearing at which he was represented by counsel[,] [and] [h]is counsel waived Miranda's right to appeal that order to the Board of Immigration Appeals." <u>Miranda</u>, 238 F.3d at 1159. Although the petitioner in <u>Miranda</u> could not return to the United States because of felony conviction, the Ninth Circuit reasoned he was "not subject to restraints not shared by the public generally that significantly confine and restrain his freedom[,] . . . [and was] subject to no greater restraint than any other non-citizen living outside American borders." <u>Id.</u> Notwithstanding "extreme circumstances," such as removal contrary to an IJ's order compounded with right to counsel interference, "[n]o interpretation of § 2241 that is not utterly at war with its plain language permits [the court] to exercise habeas corpus jurisdiction over [petitioner's] claims." <u>Id.</u>

Here, DHS removed Petitioner to Mexico on September 25, 2013, and Petitioner ceased to be "in custody" at that time. Petitioner suffered "no greater restraint than any other non-citizen living outside American borders."

Furthermore, Petitioner does not indicate any "extreme circumstances" like those enumerated in <u>Miranda</u> which would allow this Court to exert habeas corpus jurisdiction. DHS removed Petitioner to Mexico on May 5, 2010 in compliance with the IJ's May 2005 order and the Board's July 2009 dismissal. Counsel represented Petitioner at both proceedings. Thus, this Court lacks jurisdiction to grant or deny a habeas writ pursuant to 28 U.S.C. § 2241 in this case.

As an alternative, independent ground, Respondent argues that the REAL ID Act prevents the Court from exercising jurisdiction over Petitioner's claims. (Dkt. No. 7 at 3.) Title 8, section 1252, specifies:

> [N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute

removal orders against any alien under this Act.

8 U.S.C. § 1252(g).  "The REAL ID Act . . . eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals."  Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006).  Here, both the IJ's initial removal order of May 31, 2005, and the expedited removal of September 25, 2013, are clearly decisions or actions by the Attorney General to execute removal orders.  Therefore, this Court additionally lacks jurisdiction in accordance with the provisions of the REAL ID Act.

**B. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Rules Governing Section 2254 Cases also apply to § 2241 petitions. See Tanner v. MacDonald, Civ. No. 11–00255 SOM/RLP, 2011 WL 1598838, at *1 n. 2 (D. Haw. Apr. 27, 2011) (citing Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241; United States v. Recinos–Gallegos, 151 F. Supp. 2d 659 (D. Md. 2001) (dismissing petition construed as falling under § 2241 pursuant to Rule 4)). In light of the dismissal of Petitioner Aguilar-Vences's § 2241 Petition, this Court must address whether to grant Petitioner a certificate of appealability ("COA").

By statute, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), overruled on other grounds by Swarthout v. Cooke, 131 S.Ct. 859 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence

of frivolity but something less than a merits determination." Id. (internal quotation marks omitted).

This Court has carefully reviewed Petitioner Aguilar-Vences's § 2241 Petition and liberally construed the allegations therein. Petitioner, however, fails to invoke this Court's subject matter jurisdiction. This Court concludes that reasonable jurists could not find this Court's findings regarding subject matter jurisdiction debatable. Accordingly, this Court DECLINES issuance of a COA.

## V. CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's petition for writ of habeas corpus for lack of jurisdiction. Additionally, the Court DECLINES to issue a Certificate of Appealability. The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED**.

DATED: October 20, 2014

HON. GONZALO P. CURIEL
United States District Judge